NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ARLINGTON PRODUCTIONS LIMITED, a British company incorporated in England,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN J. SEMPER, JR., aka "JOHN SEMPER, JR." and "JOHN SEMPER," an individual, CYNTHIA J. FRIEDLOB, aka "CYNTHIA FRIEDLOB," an individual, and DOES 2 through 10,<br><br>　　　　Defendants. | Case No. CV 07-738 PA (PLAx)<br><br>DISCOVERY MATTER<br><br>PROTECTIVE ORDER *RE* REVENUE INFORMATION |

1

**ORDER**

The Court having considered the foregoing Stipulation of the parties and **FOR GOOD CAUSE SHOWN,**

It is hereby **ORDERED** as follows:

1. Any and all documents and discovery responses that plaintiff provides to defendants in this action and which set forth information as to the revenues from *The Masks of Death* (the "Revenue Information") shall be stamped "CONFIDENTIAL" and shall not be disclosed, in whole or part, by defendants, by defendants' counsel of record or by defendants' counsel of records' paralegals and clerical staff, to any person or entity whatsoever, except to the following:

    (a) Defendants;

    (b) Attorneys of record for the parties to this action (referred to herein as the "Attorneys"), including, but strictly on a need-to-know basis, the paralegals and clerical staff employed by the Attorneys;

    (c) Court reporters and videographers engaged to report or videotape depositions in this case and during which Revenue Information is presented to the deponent, but only if, before the disclosure, the court reporter and, if applicable, videographer executes a Confidentiality Agreement in the form of Exhibit A to this Order (a "Confidentiality Agreement"), the original of which shall be provided to plaintiff's counsel of record before the disclosure;

    (d) Expert witnesses and, but strictly on a need-to-know basis, their support personnel, retained by defendants' Attorneys to assist defendants' Attorneys in the preparation and trial of this action, but only if, before disclosure, each such person executes a Confidentiality Agreement, the original

///

of which defendants' Attorneys shall, within two business days of the Confidentiality Agreement's execution, provide to plaintiff's counsel of record.

2. Defendants, defendants' counsel of record and those persons or entities who receive Revenue Information pursuant to this Order, shall keep that Revenue Information strictly confidential and shall not give, show, disclose, make available or communicate Revenue Information to any person or entity except as expressly provided in this Order. Further, defendants, defendants' counsel of record and those persons or entities who receive Revenue Information pursuant to this Order, shall use the Revenue Information only in connection with this action and not for any other purpose whatsoever.

3. Any portion of a deposition transcript or deposition videotape that includes Revenue Information shall be separately bound (if a transcript) and recorded and provided to Attorneys on a separate VHS, DVD or other device (if a videotape) and shall be labeled "CONFIDENTIAL -- Contains Revenue Information Protected By Protective Order Entered [date of Order] in *Arlington Productions Limited, plaintiff v. John J. Semper, Jr., etc. et al. defendants*, U.S. District Court, Central District of California, Case No. CV 07-738 PA (PLAx)," and shall be subject to the provisions of this Order.

4. Within 14 days after the conclusion of this case and the exhaustion of any appeals (or, if no appeal is filed, the expiration of the time to appeal), defendants and their counsel of record shall:

    (a) Obtain from each of those to whom they, or any of them, provided Revenue Information (i) all summaries, extracts, copies and other items that contain Revenue Information and (ii) written confirmation, signed under penalty of perjury, that he, her or it has complied in full with this Order in all respects,

that all such summaries extracts, copies and other items in his, her or its possession, custody or control have been turned over to defendants' counsel, and that all Revenue Information has been permanently deleted from all hard drives, other devices and electronic databases in his, her or its possession, custody or control;

      (b)    Destroy all retrieved and other copies of Revenue Information and all summaries, extracts, copies and other items in their possession, custody or control and which contain Revenue Information, including, without limitation, the permanent deletion of all Revenue Information from all hard drives, other devices and electronic databases;

      (c)    Provide plaintiff's counsel with the originals of all certificates obtained pursuant to subparagraph 4(a)(ii) of this Order; and

      (d)    Provide plaintiff's counsel with an original certificate, signed under penalty of perjury, of (i) defendants' and defendants' counsel's complete compliance with the provisions of this Order in all respects and (ii) the destruction of all Revenue Information and all summaries, extracts, copies and other items in defendants' and/or defendants' counsel's possession, custody or control and which contain Revenue Information, including, without limitation, the permanent deletion of all Revenue Information from all hard drives, other devices and electronic databases.

5.    This Order is without prejudice to plaintiff seeking additional or different protection for Revenue Information or any other information or documents.

6.    This Order does not govern the use of Revenue Information at trial or the filing of documents containing Revenue Information with the Court, *provided, however*, that before using any Revenue Information at trial, and before filing or lodging with the Court any pleading, motion, declaration or other document that

4

contains Revenue Information, defendants shall provide plaintiff's counsel at least 30 days prior written notice of the planned use of the Revenue Information, and the opportunity to seek a further Order or sealing Order as to the planned use, *provided, further,* that if exigent circumstances exist so as to preclude defendants from providing plaintiff's counsel at least 30 days prior written notice, then defendants shall provide plaintiff's counsel as much prior written notice as possible and, in any event, at least three business days prior written notice and defendants' counsel shall, before filing the motion, declaration or other document containing Revenue Information, sign and deliver to plaintiff's counsel for filing with the Court a Stipulation stipulating to an *ex parte* Order sealing the motion, declaration or other document, and defendants shall lodge the motion, declaration or other document **with a request that it be filed** under seal pursuant to that Stipulation.

7.   In the event that any party, person or entity who has received Revenue Information pursuant to the terms of this Order hereafter receives a subpoena or discovery request in this or any other action calling for the disclosure of Revenue Information, the party, person or entity who receives the subpoena or discovery request shall provide plaintiff's counsel with written notice of the subpoena or discovery request at least 30 days before the production date in the subpoena or discovery request (or, if less than 30 calendar days are provided for the production, within one business day after service of the subpoena or discovery request but in no event after the date for production).   Plaintiff may seek a Court Order to quash the subpoena, obtain a protective order and/or obtain such other relief as will protect the confidential nature of the Revenue Information.

///
///
///
///

5

///

8. Any violation of this Order may, without limitation, be punished as a contempt by the Court and subject the party, person or entity violating the Order to liability for any resulting damages incurred by plaintiff.

**IT IS SO ORDERED.**

Dated:  January 10, 2008                             _____
                                                                                                The Honorable Paul L. Abrams
                                                                                                 United State Magistrate Judge

Submitted jointly by:

Peter J. Anderson, Esq., Cal. Bar No. 088891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON, A P. C.
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorney for Plaintiff
ARLINGTON PRODUCTIONS LIMITED

- and -

James R. Rosen, Esq., Cal. Bar No. 119438
Ryan D. Saba, Esq., Cal. Bar No. 192370
ROSEN SABA LLP
468 North Camden Drive, Third Floor
Beverly Hills, California 90210
Telephone:  (310) 285-1727
Facsimile:   (310) 285-1728
Attorneys for Defendants
JOHN J. SEMPER, JR. and CYNTHIA J. FRIEDLOB

# AGREEMENT TO BE BOUND BY ORDER *RE* CONFIDENTIALITY

I, the undersigned, hereby state and agree as follows:

1. I have read the attached Order (the "Order") entered in the action titled *Arlington Productions Limited, plaintiff v. John J. Semper, Jr., etc., et al. defendants*, Case No. CV 07-738 PA (PLAx) (the "Action"), presently pending in the United States District Court for the Central District of California.

2. I understand the terms of the Order, and I agree to be bound by the Order's terms, any subsequent modification thereto by the Court, and this Agreement.

3. Without limiting the foregoing, I specifically understand and accept that information as to the revenues from *The Masks of Death* (the "Revenue Information") is strictly confidential and that the disclosure or use of Revenue Information could cause plaintiff Arlington Productions Limited ("Plaintiff") substantial damage. I also specifically understand and accept that the Order requires me to keep all Revenue Information disclosed to me in the course of my involvement in this litigation strictly confidential and not to give, show, disclose, make available or communicate Revenue Information to any person or entity except as expressly provided in the Order, and that the Order precludes me from using Revenue Information for any purpose whatsoever, other than in connection with the Action and pursuant to the terms of the Order.

4. I agree that, upon demand by an attorney of record for a party in the Action, I shall, within two business days:

   (a) Deliver to the attorney all Revenue Information and all summaries, extracts, copies and other items that contain Revenue Information;

**EXHIBIT A**

      (b)    Permanently delete from all hard drives, other devices and electronic databases, all electronic copies of Revenue Information; and

      (c)    Provide to the attorney a certificate, signed by me under penalty of perjury, confirming (i) my return of all Revenue Information and all summaries, extracts, copies and other items that contain Revenue Information and (ii) my permanent deletion of all electronic copies of Revenue Information.

5.    I submit to the jurisdiction of the United States District Court for the Central District of California, for the purpose of any proceeding to enforce the terms of the Order and Agreement, or either of them.  I understand that my violation of the terms of the Order may be punished by the Court as contempt, and that my violation of the Order and/or my breach of this Agreement will subject me to liability to Plaintiff for any and all damages caused by my violation or breach, including all attorney's fees and costs incurred by Plaintiff as a result of my violation of the Order and/or my breach of this Agreement.

6.    My address and telephone number are: _____
_____

7.    My relationship to this case and its parties is: _____
_____.

Executed on _____, 200\_ at _____, _____.

                                               _____
                                                        [Signature]
                                             _____
                                                        [Print Name]